IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORPORATION STOCKHOLDER DERIVATIVE LITIGATION | CONSOLIDATED<br>C.A. No. 1:24-cv-00651-CFC |

**STIPULATION AND [PROPOSED] ORDER**
**STAYING PROCEEDINGS**

WHEREAS, on May 31, 2024, plaintiff Jeffrey Ly ("Ly") filed a Verified Shareholder Derivative Complaint in this Court captioned *Ly v. Gelsinger, et al.*, C.A. No. 1:24-cv-00651-CFC derivatively on behalf of Intel Corporation ("Intel" or the "Company") against Pat Gelsinger, David Zinsner, James Goetz, Andrea Goldsmith, Alyssa Henry, Omar Ishrak, Risa Lavizzo-Mourey, Tsu-Jae King Liu, Barbara Novick, Gregory Smith, Lip-Bu Tan, Dion Weisler, and Frank Yeary (the "Individual Defendants" and, together with Intel, "Defendants") for violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), breach of fiduciary duty, unjust enrichment, waste of corporate assets, abuse of control, and gross mismanagement, (the "*Ly* Action");

WHEREAS, on June 21, 2024, plaintiff Stourbridge Investments LLC ("Stourbridge") filed a Verified Shareholder Derivative Complaint in this Court captioned *Stourbridge Investments LLC v. Gelsinger, et al.*, C.A. No. 1:24-cv-00734-MN derivatively on behalf of Intel against substantially the same set of

1

Individual Defendants[1] as named in the *Ly* Action based on substantially similar facts and circumstances (the "*Stourbridge* Action"); and

WHEREAS, on July 11, 2024, the Court consolidated the *Ly* Action and the *Stourbridge* Action (D.I. 6) in this action ("Action");

WHEREAS, the Action includes allegations that overlap substantially with those in a putative securities class action captioned *In re Intel Corp. Securities Litigation*, Case No. 3:24-cv-02683-TLT (N.D. Cal.) currently pending in the United States District Court for the Northern District of California (the "Securities Class Action");

WHEREAS, the defendants in the Securities Class Action intend to pursue a motion to dismiss, the outcome of which will be informative to the litigation of this Action;

WHEREAS, the parties have conferred and agree that it would serve the interests of justice, efficiency, and judicial economy to temporarily stay the Action pending the final resolution of any motion(s) to dismiss in the Securities Class Action, including the final and full resolution of any appeals taken from any order(s) related to such motion(s) in the Securities Class Action;

---

[1] The *Stourbridge* Action also names Stacy J. Smith as a Director Defendant and he is included in the definition for the Individual Defendants.

WHEREAS, during the pendency of this stay, Defendants shall notify plaintiffs' counsel if a stockholder derivative action arising from substantially similar or the same facts as alleged in the Action is filed (a "Related Derivative Action");

WHEREAS, during the pendency of this stay, if any scheduled mediation before a retained mediator or formal, pre-scheduled settlement meeting occurs to attempt to resolve the claims asserted in the Securities Class Action, Defendants and Nominal Defendant shall notify Plaintiffs of any such mediation or meeting reasonably in advance and shall use reasonable efforts to include Plaintiffs in such mediation or meeting;

WHEREAS, during the pendency of this stay, if any scheduled mediation before a retained mediator or formal, pre-scheduled settlement meeting occurs to attempt to resolve the claims asserted in this Action or any Related Derivative Action, Defendants and Nominal Defendant shall notify Plaintiffs of any such mediation or meeting reasonably in advance and shall include Plaintiffs in such mediation or meeting;

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, by and through their undersigned counsel, and subject to approval of the Court, as follows:

1. This Action (including all discovery) is hereby stayed until at least 30 days after the earlier of: (a) the denial of any motion to dismiss filed by the Securities Class Action defendants in the Securities Class Action; (b) the dismissal of the Securities Class Action, with prejudice, and exhaustion of all appeals related thereto; or (c) the public announcement of a settlement of the Securities Class Action. Such expiration shall be without prejudice to Defendants' ability to move the Court for a further stay of the Action. Any party may move the Court to lift the stay before it expires on its own terms, following fourteen (14) days written notice to the other parties and upon a showing of good cause, provided that, if a Related Derivative Action is not stayed for a similar or longer duration as the Action, Plaintiffs shall have the option to terminate the stay within fourteen (14) days after filing notice with the Court.

2. During the pendency of the stay, no Defendant or Nominal Defendant in this Action need answer, move, or otherwise respond to any complaint in the Action.

3. Notwithstanding the stay of the Action, Plaintiffs may file an amended complaint, and, in the event any other related actions are filed in this Court, may file or respond to any motion(s) seeking consolidation and/or a leadership structure to govern such proposed consolidated action. Defendants need not answer, move or

otherwise respond to any amended complaint until the parties have agreed on (or the Court orders) a schedule.

4. Within 30 days of the occurrence of one or more of the events identified in paragraph 1(a)-(c) above, the parties shall meet and confer to determine whether it is appropriate to lift the stay of the Action, and if so, shall submit to the Court a proposed schedule for resuming proceedings in this action, including a date by which Plaintiffs must file an amended complaint or designate an operative complaint, and a date by which Defendants and Nominal Defendant must answer, move against, or otherwise respond to any complaint or amended complaint, and any associated briefing schedules.

5. By entering this Stipulation, the parties do not waive any rights not specifically addressed herein or to seek such other relief as may be appropriate as circumstances may develop or warrant in this or any related action, and expressly reserve all such rights.

Respectfully submitted,

DATED: October 9, 2024   **FARNAN LLP**
/s/ Brian E. Farnan
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 N. Market St., 12th Floor
Wilmington, De 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*[Proposed] Co-Lead Counsel for Plaintiffs and Counsel for Plaintiff Ly*

**BIELLI & KLAUDER, LLC**
*/s/ Ryan M. Ernst*
Ryan M. Ernst (#4788)
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600
Email: rernst@bk-legal.com

**LIFSHITZ LAW PLLC**
Joshua M. Lifshitz
1190 Broadway
Hewlett, New York 11557
Telephone: (516) 493-9780
Facsimile: (516) 28-7378
Email: jlifshitz@lifshitzlaw.com

*[Proposed] Co-Lead Counsel for Plaintiffs and Counsel for Plaintiff Stourbridge*

**POTTER ANDERSON & CORROON LLP**
*/s/ J. Matthew Belger*
Matthew E. Fischer (#3092)
J. Matthew Belger (#5707)
Andrew L. Brown (#6766)
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
Telephone: (302) 984-6000

Email: mfischer@potteranderson.com
Email: mbelger@potteranderson.com
Email: abrown@potteranderson.com

**MUNGER, TOLLES & OLSON LLP**
John M. Gildersleeve
Brian R. Boessenecker
Lorraine L. Abdulahad
350 South Grand Avenue
50th Floor
Los Angeles, CA
Telephone: (213) 683-9241
Email: john.gildersleeve@mto.com
Email: brian.boessenecker@mto.com
Email: lorraine.abdulahad@mto.com

*Counsel for Defendants*

IT IS SO ORDERED this ___ day of _____, 2024.

_____
United States District Judge